# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARING FAMILIES PREGNANCY SERVICES INC. d/b/a MOBILE CARE,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF HARTFORD,<br><br>    Defendant. | Case No. 3:19-cv-00584<br><br>**RULE 26(f) JOINT REPORT** |

### FED. R. CIV. P. 26(F) REPORT OF PARTIES' PLANNING MEETING

<u>Caption of Case:</u> *Caring Families Pregnancy Services, Inc. v. City of Hartford*

<u>Date Complaint Filed:</u>  April 18, 2019

<u>Date Complaint Served:</u>  May 1, 2019

<u>Date of Defendant's Appearance:</u>  May 9, 2019

<u>Date Answer Filed:</u>  May 21, 2019

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 16, a conference was held on June 17, 2019. The participants were: Denise Harle for plaintiff Caring Families Pregnancy Services, Inc., and Lori Mizerak and Stephanie Toti for defendant City of Hartford.

**I. Certification**

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

### A. Subject Matter Jurisdiction

This Court has original subject matter jurisdiction over the federal claims by operation of 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

## III. Brief Description of Case

### A. Claims of Plaintiff

Plaintiff has alleged the following causes of action: (1) violation of Plaintiff's First Amendment right to free speech, (2) violation of Plaintiff's First Amendment right to free exercise of religion, (3) violation of Plaintiff's right to procedural due process under the Fourteenth Amendment, (4) violation of Plaintiff's First Amendment right to free association, (5) violation of Plaintiff's First Amendment rights under the Establishment Clause, and (6) violation of Plaintiff's right to free exercise of religion under Article 1 § 3 of the Connecticut Constitution and section 52-571b. of Connecticut General Statutes.

These claims are based on the City of Hartford's Ordinance No. 25-17, enacted at Chapter 17, Article VI, Code of Ordinances, which imposes speech mandates and speech restraints on pregnancy services centers that do not provide or encourage abortion. These claims are further based on Plaintiff's allegations that the Ordinance targets these pregnancy services centers with speech regulations because of their views and beliefs about abortion, which views and beliefs are rooted in their exercise of religion. In addition, these claims are based on Plaintiff's allegations that the Ordinance is content-based and viewpoint-discriminatory, uses

vague language, chills speech, and is not narrowly tailored to advance a compelling government interest.

### B. Defenses and Claims of Defendant

In response to evidence that certain organizations providing pregnancy-related services in the City of Hartford were engaging in deceptive advertising and marketing practices—thereby creating consumer confusion and threatening public health—the City of Hartford (the "City") enacted an ordinance and implementing regulations (collectively, the "Ordinance") requiring pregnancy centers operating without a licensed medical provider on site to display signs informing clients of that fact in English and Spanish; to put the same notice on their websites; and to tell clients who inquire about prenatal care, emergency contraception, or abortion by phone or in person that the facility does not have a licensed medical provider on site to provide or supervise all services. The Ordinance also prohibits false, misleading, or deceptive advertising by pregnancy centers.

The City denies each of Plaintiff's claims that the Ordinance is unconstitutional or otherwise unlawful. Further, the City asserts the following defenses: (1) Plaintiff lacks standing to assert one or more of the claims asserted in the Complaint; (2) one or more of the claims asserted in the Complaint fails to state a claim on which relief may be granted; and (3) sovereign immunity bars one or more of the claims asserted in the Complaint. The City reserves the right to assert additional defenses as they become known to the City.

### IV. Statement of Undisputed Facts

The parties agree that the following facts are undisputed:

- The text of the Ordinance
- The text of the implementing Rule

- The Ordinance was originally set to go into effect July 1, 2018. Defendant City of Hartford delayed implementation of the Ordinance after the Supreme Court's decision on June 26, 2018, in *NIFLA v. Becerra*. The City later put the Ordinance into effect on October 1, 2018.
- Several words and phrases within the Ordinance are not defined by the Ordinance itself.
- The Hartford Department of Health and Human Services has authority to enforce the Ordinance.

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiff should be allowed until August 15, 2019, to file motions to join additional parties and until August 15, 2019, to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

2. Defendant should be allowed until August 15, 2019, to file motions to join additional parties and until September 15, 2019, to file a response to the complaint, or any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

**E. Discovery**

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below

concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

<u>Plaintiff's Position:</u> Discovery in this case will primarily require depositions of a very limited number of fact witnesses, document production, and other routine written discovery.

<u>Defendant's Position</u> (if different): Defendant agrees with the foregoing and adds that the case may also entail discovery concerning a small number of expert witnesses.

    b. The parties anticipate that discovery will be needed on the following subjects: the application, operation, and enforcement of the Ordinance and its implementing Rule; any bases Hartford relied upon in enacting the Ordinance; the policies and practices of Plaintiff and other pregnancy centers operating in Hartford; and the harms that the Ordinance seeks to address.

    c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by June 30, 2019, and completed (not propounded) by February 14, 2020.

    d. Discovery will not be conducted in phases.

    e. The parties anticipate that the plaintiff will require a total of 5 or fewer depositions of fact witnesses and that the defendant will require a total of 5 or fewer depositions of fact witnesses. The depositions will commence by August 30, 2019, and be completed by February 14, 2020.

    f. The parties will not request permission to serve more than 25 interrogatories.

g. Plaintiff does not anticipate calling expert witnesses at trial, as the Plaintiff does not believe that the basic nature of this First Amendment action requires expertise. Defendant intends to call expert witnesses at trial.

h. Parties will designate any trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by October 31, 2019. Depositions of any such experts will be completed by February 14, 2020.

i. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by December 18, 2019. Depositions of such experts will be completed by February 14, 2020.

j. A damages analysis will be provided by any party who has a claim or counterclaim for damages by December 18, 2019.

k. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: The parties will produce electronically stored information in the form of searchable .pdf files, with each page bearing a unique Bates number. Spreadsheets (e.g., Excel documents) and media files will be produced in native format. If there are responsive text messages, the parties will confer and work together to determine an appropriate form of production for the text messages. The parties do not anticipate any issues involving electronically discoverable material; should one arise, the parties will work together to resolve it before seeking the intervention of the Court.

   l. Undersigned counsel (after consultation with their clients) have also discussed the location, volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information:

 Hard-copy documents will be produced in a searchable .pdf format, with each page bearing a unique Bates number. The parties are observing litigation holds and will maintain retention practices for electronic and hard-copy information for the duration of the case.

   m. Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production: In accordance with Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of Evidence 502, the parties agree that if a party through inadvertence produces discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party requesting that the document or thing be returned to the producing party or destroyed. The

receiving party shall return or destroy such document or thing, which shall not constitute an admission or concession document or thing is properly subject to a claim of attorney-client privilege or attorney work product, unless within 10 days of receiving the notice, it files a motion for an in-camera review by the Court to determine whether the designation is proper. Nothing in this paragraph should be treated as foreclosing a party from later moving the Court pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an order that such document or thing has been improperly designated or should be produced.

### F. Other Scheduling Issues

The parties are not aware at this time of other issues in the case that would require separate scheduling.

### G. Summary Judgment Motions

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before April 3, 2020.

### H. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by June 8, 2020.

## VI. TRIAL READINESS

The case will be ready for trial by June 22, 2020. As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully submitted this 24th day of June, 2019.

By: s/ *Denise M. Harle*
Denise M. Harle
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Road NE, Suite D-1100

Lawrenceville, Georgia 30043
(770) 339-0774
dharle@adflegal.org

*Attorneys for Plaintiff*

/S/ *Howard G. Rifkin*
Howard G. Rifkin
Corporation Counsel
Lori A. Mizerak
Assistant Corporation Counsel
City of Hartford
550 Main Street, Rm. 210
Hartford, CT 06103
860-757-9700
howard.rifkin@hartford.gov
mizel001@hartford.gov

Stephanie Toti*
Lawyering Project
25 Broadway, 9th Fl.
New York, NY 10004
646-490-1083
stoti@lawyeringproject.org

*Admitted *pro hac vice*

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of June, 2019, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send electronic notice to the following counsel of record:

Howard G. Rifkin
Corporation Counsel
Lori A. Mizerak
Assistant Corporation Counsel
City of Hartford
550 Main Street, Rm. 210
Hartford, CT 06103
860-757-9700
howard.rifkin@hartford.gov
mizel001@hartford.gov

Stephanie Toti*
Lawyering Project
25 Broadway, 9th Fl.
New York, NY 10004
646-490-1083
stoti@lawyeringproject.org

*Admitted *pro hac vice*

*Attorneys for Defendant*

                                                  s/*Denise M. Harle*
                                                Denise M. Harle