# Exhibit A

# SETTLEMENT AGREEMENT
# AND GENERAL RELEASE

This **SETTLEMENT AGREEMENT AND GENERAL RELEASE** (the "Agreement") is entered into this 30th day of June, 2020, by and between the City of Hartford (the "City") and Caring Families Pregnancy Services Inc. d/b/a Mobile Care ("Caring Families").

The City and Caring Families are sometimes collectively referred to as "the Parties" or individually as a "Party."

**WHEREAS,** on December 11, 2017, the City passed Ordinance No. 25-17 (the "Ordinance"), codified at Hartford Municipal Code §§ 17-161 to 17-166, which imposes certain disclosures and advertising requirements on pregnancy services centers, as that term is defined in the Ordinance.

**WHEREAS**, on April 18, 2019, Caring Families filed a Verified Complaint in the District of Connecticut, Cause No. 3:19-cv-00584 (the "Lawsuit"), alleging violations of the First and Fourteenth Amendments to the U.S. Constitution, as well as certain provisions of the Connecticut Constitution and statutes.

**WHEREAS,** the parties then conducted discovery, culminating in their filing of cross-motions for summary judgment on May 19, 2020.

**WHEREAS**, on January 27, 2020, Caring Families' Executive Director sat for a deposition at which he provided certain testimony about the services that Caring Families provides.

**WHEREAS**, the Parties desire to avoid further costs and expenses of litigation and believe it is in the best interest of all concerned to compromise and settle any and all disputes under the terms set forth in this Agreement.

**NOW, THEREFORE**, in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

1

1.  **RECITALS**. The foregoing Recitals are hereby incorporated herein as part hereof by this reference thereto.

2.  **AGREEMENT AS TO THE CITY'S INTERPRETATION OF THE ORDINANCE AND ITS INTENTION NOT TO ENFORCE THE ORDINANCE AGAINST CARING FAMILIES.**

    a)  The Ordinance shall remain in full force and effect.
    b)  The City agrees that it considers the urine pregnancy tests and ultrasounds currently being conducted by Caring Families' Mobile Care Unit to be the only medical services it provides.
    c)  The City agrees that because Caring Families has licensed medical personnel on site at all times to provide and/or supervise such medical services, it does not consider Caring Families to be a "pregnancy services center" under the Ordinance and will therefore not attempt to enforce the Ordinance—as to either its required disclosures or its advertising requirements—against Caring Families.
    d)  The City agrees that it will continue to consider Caring Families' Mobile Care unit outside the ambit of the Ordinance provided that Mobile Care continues to follow its policy and practice of having licensed medical professionals on site to provide or supervise the medical services it offers.
    e)  The City agrees that to the extent Caring Families expands its menu of medical services offered by its Mobile Care Unit in the future—to include for example STD testing—this expansion will not provide the City cause to enforce the Ordinance against Caring Families or consider it to be a "pregnancy services center" under the Ordinance's definition, so long as Caring Families continues to have any additional medical services provided or supervised by a licensed medical professional on site during the provision of those services.
    f)  The City agrees that the handing out to clients of self-administered pregnancy tests (i.e., over the counter pregnancy tests) by Caring Families' Mobile Care Unit, which the clients themselves take and read on their own, is not considered medical services requiring the presence of a licensed medical professional on site.
    g)  The City agrees that it does not consider the peer counseling about pregnancy options that Caring Families provides to constitute "medical services" as that term is used in the Ordinance because that counseling does not currently entail medical treatment or the provision of diagnostic information and the peer counselors are not holding themselves out to be medical professionals.  Likewise, the City agrees that it does not consider Caring Families' practice of recording medical history to constitute "medical services" as that term is used in the Ordinance because that practice does not currently entail medical treatment or the provision of diagnostic information and the individuals recording the information are not holding themselves out to be medical professionals. Further, the City

     agrees that it does not consider Caring Families' parenting classes and material support to expectant mothers to be medical services or prenatal care as contemplated by the Ordinance, such that the provision of these services by Caring Families' Mobile Care Unit will not provide cause for the City to attempt to enforce the Ordinance against Caring Families.

    h) Notwithstanding the foregoing, it shall remain prima facie evidence that a facility has the appearance of a medical facility if it has two or more of the characteristics specified in Hartford Municipal Code § 17-162, including that the facility offers pregnancy testing and/or pregnancy diagnosis, and that the facility has staff or volunteers who collect health information from clients.

  3. **PAYMENT AND CONSIDERATION**. The Parties agree that, except for any payments to expert witnesses pursuant to Federal Rule of Civil Procedure 26(b)(4)(E) made to date, each Party shall bear its own costs—including attorney's fees—in connection with the Lawsuit. The Parties further agree that this Agreement shall not serve as the basis for an award of attorney's fees pursuant to 42 U.S.C. § 1988.

  4. **RELEASE OF CLAIMS**. Caring Families agrees to release the City from all claims arising out of the facts alleged in the Lawsuit and will voluntarily dismiss its claims against the City pursuant to and consistent with the terms of this Agreement. The City agrees that such dismissal will be without prejudice to Caring Families bringing another action to challenge the Ordinance should the City attempt to enforce the Ordinance against Caring Families despite its having licensed medical personnel on site at all times when medical services are being provided in Mobile Care.

  Caring Families and the City acknowledge and agree that this release does not apply to any claims that may arise in the future, including any claims that may arise if the City attempts to enforce the Ordinance against Caring Families.

5. **NO ADMISSION**. This Agreement and compliance with this Agreement shall not be construed as an admission by the City of any liability whatsoever. The City specifically disclaims liability to Caring Families, or any other person, for any alleged violation of any order, constitutional provision, law, statute, duty, or contract on the part of the City.

6. **NO ENDORSEMENT**. This Agreement and compliance with this Agreement shall not be construed as an endorsement by the City of any of Caring Families' assertions or claims.

7. **ENTIRE AGREEMENT**. This Agreement contains the entire understanding and agreement between the Parties hereto with respect to the matters referred to herein.

8. **BINDING ON SUCCESSORS**. This Agreement and the covenants and conditions contained herein shall apply to, be binding upon, and inure to the administrators, executors, legal representatives, assignees, successors, agents, and assigns of the Parties hereto.

9. **CONSTRUCTION**. This Agreement shall not be construed against the Party preparing it, but shall be construed as if all Parties jointly prepared this Agreement and any uncertainty and ambiguity shall not be interpreted against any one Party.

10. **JURISDICTION AND GOVERNING LAW**. This Agreement shall be deemed to have been made in Connecticut and shall be governed by and interpreted in accordance with the laws of the State of Connecticut.

11. **ADVICE OF COUNSEL**. With an exception for representations memorialized in this Agreement, each Party acknowledges that it is not relying on the representations of any other Party or other Party's counsel in agreeing to this settlement. All Parties acknowledge that each has been directed to seek the counsel of its own attorney for advice regarding this Agreement.

12. **CAPACITY**.  The undersigned warrant that they possess the legal capacity and/or authority to execute this Agreement on behalf of the party for whom they are executing the Agreement.

13. **EXECUTION**. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be one and the same instrument.

14. **FACSIMILE OR E-MAIL**. This Agreement may be executed and delivered by e-mail, with each signature being deemed completed upon its delivery by e-mail to the other Party or the other Party's counsel, such that signatures so delivered shall be deemed originals.

15. **MOTION TO DISMISS**.  By July 24, 2020, the Parties shall jointly move the Court to dismiss the Lawsuit in accordance with the terms of this Agreement.

**WHEREFORE**, the undersigned Parties have executed this Agreement as of the date and year last written below.

(signatures on Page 6)

CITY OF HARTFORD

*Howard Rifkin*

By: Howard Rifkin
Corporation Counsel

Date: 7/2/2020

CARING FAMILIES PREGNANCY SERVICES Inc., d/b/a/ MOBILE CARE

By: Jeremy Bradley
Executive Director

Date: 7/7/2020

6